*329
 

 Ball
 
 Judge,
 

 gave his opinion. The case is somewhat like that la 1 Strange, 34, where the obligor left the subscribing witness, his executor; but not at all like the case where the witness dies, or cannot be found, or becomes blind,
 
 non
 
 compos, or infamous; for these disqualifications are not brought about by the agency of the obligee. Here it is ; and by such means, a forged bond may be easily established against any one, without swearing to a falsity.
 

 The subscribing witness writes the name of the obligor, and the payee or obligee assigns to him ; and then some person who is acquainted with the hand-writing of the subscribing witness, swears to it. Proof of the hand-writing of the obligor, is liable to a similar objection: lor if the proof of his hand-writing will do, then by a like assignment to the witness, something like that he knew for the advantage of the obligor, would be kept back.
 

 Some days afterwards, the cause was again considered on a motion for a new trial.
 

 The plaintiff’s counsel said he would not insist upon the first point; that the witness could be sworn, or his hand-writing proved: but as to the second, namely, that the hand-writing of the obligor might be proved, he could not abandon
 
 that
 
 without the utmost reluctance. The reason given for rejecting such proof, was, that as the witness could not be sworn, the obligor might lose something within the knowledge of the witness, very material for his defence. Who is it that causes the rejection of the witness ? The obligor. Shall he be permitted to say the witness shall not be sworn, and then to say, if he were allowed to be sworn, he would say something in my favor — and as he cannot be sworn, his hand-writing shall not be proved? Again ; proof of the hand-writing of the obligor, in cases where there is no subscribing witness, establishes the execution of the bond by the defendant; and the obligee’s possession of it, is
 
 prima facie
 
 evidence of the delivery. What then could the subscribing witness prove if he were sworn ? He could not sav, delivered as an escrow to the obligee, for there cannot be delivery as an escrow to the obligee — nor can he prove a condition, for you cannot aver by parol, a condition against the bond. If it were delivered as an escrow to a third person, there is no need of the witness, for the third person can prove it; nor can the witness prove usury, gaming, or the like — for by his attestation, he has undertaken to support the instrument. There never was a wirness called upon to subscribe for the purpose of destroying the instrument by his evidence.
 

 E
 
 contra, Shown argued that the subscribing witness would be allowed to prove, delivered as an escrow; usury and gaming ; which evidence was excluded by his rejection.
 

 The court took time to consider, and after several days, the Judge said his opinion was not altered by the arguments he had
 
 *330
 
 heard ; that he adhered to the rejecion of the proof of the hand* writing of the obligor, as well as proof of the hand-writing of %he witness.